IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NANCY GOODWIN, | : |
| Plaintiff, | : Civil Action File No. |
| v. | : |
| THE WILLIAM CARTER COMPANY, | : _____ |
| Defendant. | : |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Nancy Goodwin ("**Goodwin**"), by and through her counsel, and for her Complaint against Defendant The William Carter Company ("**Carter's**"), shows the Court as follows:

### Parties, Jurisdiction and Venue

1.

Defendant Carter's is a foreign corporation doing business in Georgia and maintains its registered agent in the Northern District of Georgia. Service of process may be perfected by delivery of a copy of the Complaint and summons to Cogency Global, Inc. at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

2.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States.

3.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Carter's resides in this district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the action occurred in this district.

**Factual Allegations**

4.

Employees at Carter's are generally classified as Manager, Senior Manager, Director, Senior Director, Vice President, Senior Vice President, or Executive Vice President.

5.

An employee's financial compensation at Carter's is directly tied to the employee's classification, with "Manager" being the lowest compensation level and "Executive Vice President" being the highest compensation level.

6.

In addition, a position of Director or higher entitles the employee to participate in Carter's stock equity program.

7.

Goodwin has been employed at Carter's since 2005.

8.

Since 2010, Goodwin's position at Carter's has been that of Manager of Legal and Corporate Affairs.

9.

Goodwin is a female, presently over the age of 65.

10.

Since 2006, Goodwin's job duties and responsibilities steadily increased but without the commensurate promotion in job classification and compensation level – even though since 2012, she was the longest serving employee and was widely regarded as one of the most knowledgeable and qualified paraprofessionals in the Legal Department.

11.

Beginning in 2010, Goodwin's supervisors have acknowledged that she was performing job duties which would entitle her to a promotion in her job classification and corresponding compensation level.

12.

First, her supervisor in 2010, Carter's General Counsel Brendan Gibbons, spoke with her and acknowledged that she was qualified for a promotion to Director and was performing the duties he considered to be at that level – yet he did not recommend her for a promotion to Director. Specifically, the promotion to Director would have entitled Goodwin to participate in Carter's stock equity program, but Mr. Gibbons told Goodwin that "at her age," it would not be beneficial for her to be granted restricted stock or stock options because she didn't have enough time left in her career for the value of the stock to increase significantly.

13.

Subsequently in 2017, her supervisor, Michael McGuire, formally recommended that she be promoted to Senior Manager in light of her added duties and responsibilities.

14.

At the time, Human Resources at Carter's "benchmarked" her responsibilities and determined the scope of her responsibilities met the requirements for promotion to Senior Manager.

15.

However, Carter's General Counsel, Michael Wu, opposed the promotion because of Goodwin's age and sex.

16.

Later in 2017, Mr. Wu remarked to Goodwin that Michael McGuire, who is younger than Goodwin, was "lucky to be hired by Carter's at his age."

17.

Again in late 2019, Goodwin's new supervisor, Tony Robinson, told Goodwin that she had been "treated unfairly in the past" regarding the promotion and that he was "committed to fixing it."

18.

Instead, Robinson told Goodwin he was going to again "expand her job responsibilities and put her in a position to be promoted to Senior Manager next year," despite the fact she was already performing the duties of a Senior Manager.

19.

Goodwin told Mr. Robinson this was "again unfair" since on every occasion when she was entitled to a promotion, her job responsibilities had been expanded with no resulting promotion.

20.

Goodwin later learned that several younger men in the Legal Department, Tony Robinson and Mark Pollard, were recently promoted to a higher position and pay grade. Both individuals were much younger male individuals, who had been working at Carter's for half the time Goodwin was employed.

21.

Plaintiff Goodwin filed a Charge of Discrimination with the Equal Employment Opportunity Commission on February 18, 2020, charging discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended, and a Charge of Discrimination based on her age in violation of the Age Discrimination in Employment Act of 1967.

22.

On December 22, 2020, Goodwin's Charge was dismissed and sent a Notice of Rights letter by the District Director of the Equal Employment Opportunity Commission. A copy of the Dismissal is attached hereto and marked "Exhibit A."

## COUNT ONE

## VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1964

23.

Plaintiff realleges and incorporates by reference each and every allegation set forth above as if fully set forth herein.

24.

Title VII of the Civil Rights Act of 1964, as amended, provides that it shall be an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's sex. 42 U.S.C. § 2000e-2(a)(1).

25.

Title VII of the Civil Rights Act of 1964, as amended, further provides that it shall be an unlawful employment practice for an employer to discriminate against any employee because he has made a charge under this subchapter. 42 U.S.C. § 2000e-3(a).

26.

As set forth above, Carter's engaged in a pattern of discrimination against female employees, and specifically against Plaintiff, in violation of 42 U.S.C. §

2000e-2(a)(1), by repeatedly increasing Plaintiff's job duties and responsibilities without the commensurate promotion in job classification and compensation level – while simultaneously promoting male employees with far less tenure to higher classifications with higher compensation levels.

27.

As set forth above, Carter's violated 42 U.S.C. § 2000e-3(a) by retaliating against her because she filed a charge under this subchapter.

28.

As a result of Carter's discriminatory acts and practices against Goodwin because of her sex, in violation of 42 U.S.C. § 2000e et seq., Goodwin has been made to suffer mental anguish and emotional distress, as well as loss of wages and benefits. Goodwin is reasonably likely to continue to suffer from these damages in the future.

29.

Carter's violations and discriminatory employment practices were committed with malice or with reckless indifference to Goodwin's federally-protected rights.

## COUNT TWO

## VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

30.

Plaintiff realleges and incorporates by reference each and every allegation set forth above as if fully set forth herein.

31.

The Age Discrimination in Employment Act of 1967, as amended, provides that it shall be unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age. 29 U.S.C § 623(a)(1).

32.

The Age Discrimination in Employment Act of 1967, as amended, further provides that it shall be unlawful for an employer to discriminate against any employee because he has made a charge under this chapter. 29 U.S.C. § 623(d).

33.

As set forth above, Carter's engaged in a pattern of discrimination against employees because of their age, and specifically against Plaintiff, in violation of 29 U.S.C § 623(a)(1), by repeatedly increasing Plaintiff's job duties and responsibilities

without the commensurate promotion in job classification and compensation level – while simultaneously promoting younger employees with far less tenure to higher classifications with higher compensation levels.

34.

As set forth above, Carter's violated 29 U.S.C. § 623(d).by retaliating against her because she filed a charge under this chapter.

35.

As a result of Carter's discriminatory acts and practices against Goodwin because of her age, in violation of 29 U.S.C § 623 et seq., Goodwin has been made to suffer mental anguish and emotional distress, as well as loss of wages and benefits. Goodwin is reasonably likely to continue to suffer from these damages in the future.

36.

Carter's violations and discriminatory employment practices were committed with malice or with reckless indifference to Goodwin's federally-protected rights.

WHEREFORE, Plaintiff respectfully prays for the relief as follows:

(a) For a declaration, pursuant to 42 U.S.C. § 2000e-5(g)(2)(B), that the acts and practices by Defendant complained of herein are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.;

(b)     That Defendant be enjoined, pursuant to 42 U.S.C. § 2000e-5(g)(1), from conduct in the future in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.;

(c)     That Plaintiff be awarded back pay in an amount sufficient to compensate her for her lost wages and benefits, pursuant to 42 U.S.C. § 1981a(a);

(d)     That Plaintiff be awarded compensatory, consequential, punitive and liquidated damages in the maximum amount permitted by law, pursuant to 42 U.S.C. § 1981a(a);

(e)     That Plaintiff be awarded her attorneys' fees and costs, pursuant to 42 U.S.C. § 2000e-5(k);

(f)     That Plaintiff be awarded punitive damages, pursuant to 42 U.S.C. § 1981a(b);

(g)     That Plaintiff be awarded such other and further relief as she may be entitled to under the laws of Georgia and the United States; and

(h)     That this case be tried by Jury, pursuant to 29 U.S.C. 626(c).

This 22nd day of March, 2021.

                                                 Respectfully submitted,

                                                 DOVIN | FICKEN LLC

                                                 */s/ Edward J. Dovin*

Monarch Plaza                            Edward J. Dovin
3414 Peachtree Road, NE            Georgia Bar No. 227645
Suite 625                                    ejdovin@dovinficken.com
Atlanta, Georgia 30326
(770) 829-3869                          */s/ Allison S. H. Ficken*
(770) 829-3865 (fax)                 Allison S. H. Ficken
                                                 Georgia Bar No. 355875
                                                 ahficken@dovinficken.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1 and 7.1, the undersigned certifies that this document has been prepared using Times New Roman 14 point font and does not contain more than 10 characters per inch of type.

This 22nd day of March, 2021.

*/s/ Allison S. H. Ficken*
Allison S. H. Ficken
Georgia Bar No. 355875
ahficken@dovinficken.com

EEOC Form 161 (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Nancy E. Goodwin**
1043 Spruce Creek Lane
Lawrenceville, GA 30045

From: **Atlanta District Office**
100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2020-03699 | **Deante Topps,** Investigator | (404) 562-6971 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

For _____  12/22/2020
**Darrell E. Graham,**
District Director

(Date Issued)

Enclosures(s)

cc: **THE WILLIAM CARTER COMPANY**
Sarah M. Phaff, Esq., (for Respondent)
Ed Dovin, Esq., (for Charging Party)

EXHIBIT A

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*