IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NANCY GOODWIN,

    Plaintiffs,

v.

THE WILLIAM CARTER COMPANY,

    Defendant.

CIVIL ACTION NO.
1:21-cv-1159-AT

## **ORDER**

In this employment action, Plaintiff brings claims for sex discrimination and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (Compl., Doc. 1.) Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") recommending that Plaintiff's Complaint be dismissed in full and judgment entered for Defendant. [Doc. 15, 17.][1] In the R&R, the Magistrate Judge recommends dismissal of Plaintiff's claims in part because Plaintiff failed to adequately allege a proper comparator. (R&R at 8-11.) Additionally, the Magistrate Judge found that Plaintiff's retaliation claims failed because Plaintiff did not exhaust her administrative remedies for these claims

---

[1] The R&R was erroneously docketed twice, with two different docket numbers. The Clerk is **DIRECTED** to terminate the submission associated with docket number 17 only.

because she did not check the box for retaliation on her EEOC Charge and because Plaintiff did not allege facts to support a retaliation claim. (*Id.* at 11-14.)

Plaintiff filed objections to the R&R (Doc. 18) and contemporaneously filed a Motion for Leave to Amend the Complaint (Doc. 19). In both filings, Plaintiff requests that she be allowed to amend her complaint to include more specific factual allegations. The Court then stayed review of the R&R to allow for consideration of Plaintiff's Motion for Leave to Amend. Defendant then filed responses to Plaintiff's Objection (Doc. 21) and to Plaintiff's Motion for Leave to Amend. (Doc. 22.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading (A) once as a matter of course within 21 days after serving it, or (B) 21 days after service of a motion or responsive pleading. Fed. R. Civ. P. 15(a)(1). If a party seeks to amend its pleading outside these time limits, it may do so only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962); *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406-407 (11th Cir. 1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."). Rule 15(a)'s liberal policy of "permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 407.

Thus, the Court should deny leave to amend only where the amendment will result in undue delay, bad faith, undue prejudice, a repeated failure to cure deficiencies by amendments previously allowed, or futility. *Foman*, 371 U.S. at 182; *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *cf. Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (reversing district court's decision to deny leave to amend a complaint because there was no evidence of prejudice to the defendant).

Congruent with the above standard, this Court generally allows a plaintiff an opportunity to amend to cure insufficient factual allegations. Here, Plaintiff contends that she is able to cure certain deficiencies by pleading additional factual allegations related to potential comparators. (Obj. at 2.) The Court also notes that, for purposes of a Title VII claim, the *McDonnell-Douglas* framework "is not, and never was intended to be the *sine qua non* for a plaintiff" to support her discrimination claims and thus a plaintiff's "failure to produce a comparator does not necessarily doom the plaintiff's case." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011); *see also, Hamilton v. Southland Christian Sch., Inc.,* 680 F.3d 1316, 1320 (11th Cir. 2012) (holding that plaintiff did not have to show a comparator where she showed "enough non-comparison circumstantial evidence to raise a reasonable inference of intentional discrimination" under the convincing mosaic analysis).

In light of the above standard, the R&R [Doc. 15] is **ADOPTED IN PART**. Specifically, the Court **ADOPTS** the R&R's findings that Plaintiff fails to state a claim but does not adopt the R&R's recommendation to dismiss Plaintiff's claims with prejudice. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**, except to the extent that it requests dismissal with prejudice. Plaintiff's Motion for Leave to Amend [Doc. 19] is **GRANTED**. Plaintiff is **DIRECTED** to file her Amended Complaint on or before **November 2, 2021**.  If Plaintiff files an Amended Complaint, the Clerk is **DIRECTED** to refer the case to Magistrate Judge Salinas.

**IT IS SO ORDERED** this 6th day of October, 2021.

_____
**Honorable Amy Totenberg**
**United States District Judge**